THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINGXIA COMMUNICATIONS CONSTRUCTION CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN KONO GROUP; ABRAHAM HENGYUCIUS A/K/A HENGYU ZHANG; AND DOES 1–10, <br><br> Defendants. | CASE NO. C21-0917-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's motion for default judgment against Defendants American Kono Group and Abraham Hengyucius a/k/a Hengyu Zhang (Dkt. No. 21). Having thoroughly considered the motion and relevant record, the Court hereby DENIES the motion for reasons explained herein.

**I.    BACKGROUND**

On July 9, 2021, Plaintiff filed a complaint alleging that Defendants breached a contract to deliver 80,000 facemasks for which Plaintiff prepaid $87,500. (*See* Dkt. No. 1 at 4.) Plaintiff claims that Defendants failed to deliver all but 1,600 masks. *Id.* Plaintiff personally served Defendants with process on August 6, 2021. (Dkt. Nos. 12; 13.) Defendants have not appeared. On September 16, 2021, the Clerk entered default. (Dkt. No. 17.) Plaintiff then moved for default

judgment by the Clerk. (Dkt. No. 21.)

## II.     DISCUSSION

The Clerk must enter judgment against a defaulted defendant if the plaintiff submits an affidavit showing the amount due, which must be either a sum certain or one that can be precisely calculated. Fed. R. Civ. P. 55(b)(1). However, a claim for reasonable attorney fees is not a sum certain under Federal Rule 55(b)(1) unless the complaint states the amount of fees sought. LCR 55(b)(3). Plaintiff's motion is captioned "Motion for Default Judgment by Clerk" and cites Federal Rule 55(b)(1), which addresses default judgment by the Clerk. (Dkt. No. 21.) However, Plaintiff requests attorney fees, therefore, the Court will decide the motion. *See* Fed. R. Civ. P. 55(b)(2).

Plaintiff's request for attorney fees is deficient. "If plaintiff seeks attorney[] fees, plaintiff must state the basis for an award of fees and include a declaration from plaintiff's counsel establishing the reasonable amount of fees to be awarded, including, if applicable, counsel's hourly rate, the number of hours worked, and the tasks performed." LCR 55(b)(2)(C). Plaintiff has not explained why it is entitled to an award of attorney fees in its motion, though it has submitted a declaration to substantiate the fees request. (Dkt. No. 21 at 8.). Therefore, Plaintiff must identify the basis of its attorney fee request in any renewed motion for default judgment.

Additionally, Plaintiff's request for prejudgment interest is deficient. A party seeking a default judgment must "provide a concise explanation of how all amounts were calculated and support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought." LCR 55(b)(2)(A); *see also Ready Seafood Co. v. Westlake Seafood, LLC*, 2021 WL 2530784, slip op. at 3 (W.D. Wash. 2021). Plaintiff seeks $18,010.10 in prejudgment interest without explaining its why it is entitled to prejudgment interest.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment (Dkt. No. 21) is

1  DENIED without prejudice.

2  DATED this 9th day of February 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE