THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINGXIA COMMUNICATIONS CONSTRUCTION CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN KONO GROUP, ABRAHAM HENGYUCIUS a/k/a HENGYU ZHANG, and DOES 1–10, <br><br> Defendants. | CASE NO. C21-0917-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's renewed motion for default judgment (Dkt. No. 23). Defendants were properly served with process on August 6, 2021, but have not appeared, and the Clerk has entered an order of default. (Dkt. Nos. 12, 13, 17.) Plaintiff moves for default judgment. (Dkt. No. 23.) Having thoroughly considered the motion and relevant record, and finding a hearing unnecessary, the Court hereby GRANTS the motion.

The Court has discretion to enter a default judgment. *See Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). "The general rule of law is that upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)); Fed. R. Civ. P. 8(b)(6). In determining the amount of damages, the Court may—but

is not required to—hold a hearing. Fed. R. Civ. P. 55(b)(2)(B). To recover damages after securing an entry of default, the plaintiff must prove the relief it seeks through testimony or written affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

Plaintiff requests $17,750 in attorney fees, $700 in costs, and $85,762.38 in damages. (Dkt. No. 23 at 7.). The default rule that a prevailing litigant is not entitled to collect attorney fees may be overcome where an enforceable contract allocates such fees. *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). Here, Section 7(b) of the parties' contract contains such an allocation, providing that "[a]ll fees related to the lawsuit on this deal shall be borne by the losing party." (Dkt. No. 23-1 at 3.) The Court finds that the requested awards are reasonable and sufficiently supported by written affidavits establishing entitlement to the amounts sought. LCR 55(b)(2)(A). (*See also* Dkt Nos. 23 at 8, 11; 23-1 at 2; 23-2 at 2.)

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for default judgment (Dkt. No. 21) is GRANTED.
2. Default judgment is ENTERED in favor of Plaintiff and against Defendants.
3. Plaintiff is AWARDED attorney fees of $17,750, costs of $700, and damages in the amount of $85,762.38.
4. Post-judgment interest on the judgment shall accrue at the statutory rate set forth in 28 U.S.C. § 1961.

DATED this 4th day of April 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE